## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**SANDRA L. COLLEY-NICHOLAS**
    Plaintiff

**v.**                                                                                           No. 5:09CV-00101-J

**MICHAEL ASTRUE**
    Commissioner of Social Security
    Defendant

## MAGISTRATE JUDGE'S REPORT
## and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Donna Thornton-Green. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 12 and 13, respectively. The plaintiff "requests that the Court remand the claim for consideration of new and material evidence [pursuant to "sentence six" of 42 U.S.C. § 405(g)] or alternatively, reverse the Administrative Law Judge's decision" pursuant to "sentence four" (Docket Entry No. 12, p. 3). This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

### "Sentence six" request for a remand

Following the administrative hearing on August 6, 2008, and prior to issuance of the ALJ's written decision on September 26, 2008, the plaintiff was found to have an abnormal mammogram. The plaintiff was subsequently diagnosed with right breast cancer. On October 16, 2008, she underwent mastectomy. All of the evidence related to the plaintiff's breast cancer was submitted to the Appeals Council <u>after</u> the ALJ's decision. <u>See</u> Appeals Council (AC) Exhibit Nos. 1 through

8 at AR, pp. 6 and 368-481. There is no evidence that the ALJ was aware of the plaintiff's breast cancer. On May 11, 2009, the Appeals Council declined to disturb the ALJ's decision, thereby rendering the ALJ's decision the final decision of the Commissioner herein (AR, p. 1). See *Cotton v. Secretary*, 2 F.3d 692, 695 (6th Cir., 1993) and 20 C.F.R. § 404.981 ("effect of Appeals Council's decision or denial of review").

Pursuant to "sentence six" of 42 U.S.C. § 405(g), the court has jurisdiction to remand this case to the Commissioner for consideration of any "new evidence which is material" if "there is good cause for the failure to incorporate such evidence into the record" as of the date of the Commissioner's final decision. Evidence submitted by a claimant after the Commissioner's final decision may be considered by a reviewing court only for the limited purpose of determining whether to grant a motion for a "sentence six" remand is warranted. *Cline v. Commissioner*, 96 F.3d 146 (6th Cir., 1996).

The party seeking a "sentence six" remand bears the burden of proving that it is proper. *Sizemore v. Secretary*, 865 F.2d 709, 711-712 (6th Cir., 1988). First, a movant must demonstrate materiality of the evidence. Evidence is material if there is a "reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." In addition, the party seeking remand must show good cause for late submission of the evidence.

As indicated above, the evidence pertaining to the plaintiff's breast cancer as well as the cancer diagnosis itself came into existence <u>after</u> the ALJ's decision on September 26, 2008. The ALJ's ultimate finding was that the plaintiff was not disabled through the date of her decision. Finding No. 6 at AR, p. 19. To be disabling, a medical impairment must satisfy the so-called

duration requirement, to-wit, it must be expected to result in death or "must have lasted or must be expected to last [at a disabling level of severity] for a continuous period of at least 12 months." 20 C.F.R. § 416.909.

Therefore, the dispositive issue in this case is whether the plaintiff has shown that the new evidence is material, i.e., there is a reasonable probability that, if, prior to her written decision, the ALJ had been presented with the evidence of a future diagnosis of breast cancer, mastectomy, etc., the ALJ would have found the plaintiff disabled. The magistrate judge concludes that the plaintiff has failed to show that the evidence is material. In so concluding, we observe a lack of evidence that during the weeks and months leading up to her diagnosis in September or October of 2008, and prior to the ALJ's decision on September 26, 2008, the plaintiff was suffering from an undiagnosed but nevertheless disabling medical condition. The plaintiff notes that "Dr. Beale's report of October 13, 2008, confirms that Ms. Colley admitted to increase in anxiety over the past eight months, increase in right arm weakness, heat intolerance and diaphoresis, and insomnia" (Docket Entry No. 12, p. 2). However, there is no reasonable probability that the ALJ would have deemed these subjective symptoms disabling. The undersigned concludes that the Appeals Council did not err when it found as follows (AR, p. 2):

> We also looked at additional medical records submitted with the request for review. The Administrative Law Judge decided your case through September 24, 2008 *(sic.)*. This new information shows that you were diagnosed with stage I breast cancer for which you underwent a mastectomy on October 16, 2008. The evidence submitted shows that lymph nodes biopsied during your surgery were found to be negative for metastasis and, therefore, adjuvant hormonal manipulation with Tamoxifen was initiated. This evidence does not show a condition that has lasted for twelve months or would otherwise affect the outcome in your claim. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 24, 2008 *(sic.)*.

Because the plaintiff has failed to establish materiality, we need not reach the issue of whether there was "good cause" for late submission of the evidence. As noted by the Appeals Council, to the extent the plaintiff's disability came into existence after the ALJ's decision, the plaintiff's appropriate remedy was to file a new application for Title XVI benefits (AR, p. 2).

### Judicial review

We reproduce the plaintiff's entire argument seeking judicial review below. We have numbered what appear to be three sub-arguments, to-wit (Docket Entry No. 12, p. 2):

> Alternatively, [1] the administrative law judge relied upon a state agency opinion (TR 283-290) to find the claimant capable of performing her past relevant work that was offered without consideration of substantial evidence of record, 14F through 20F, namely subsequent emergency room visits required for treatment of Crohn's flare-ups and abdominal issues. [2] Moreover, the opinion of the consultative examiner (TR 250-258) was rejected over the non-examining state agency residual functional assessment [AR, pp. 259-266 and 283-290]. [3] The vocational expert was unable to identify jobs the claimant could perform if her testimony regarding her symptoms were accepted. TR 45-46.

The magistrate judge finds and concludes as follows:

1. There is no evidence that, if the plaintiff is compliant with her prescribed medication regimen, her occasional "flare-ups" of Crohn's and abdominal "issues" satisfy the so-called duration requirement discussed above and no evidence that they necessitate restrictions that preclude "medium" work plus the non-exertional limitations stated in Finding No. 4 (AR, p. 17).

2. The consultative examiner, Mark Esterle, M.D., opined that there is a lack of objective medical evidence that the plaintiff would be unable to perform basic work activities such as "sitting, standing, moving about, lifting, carrying, handling objects, hearing, seeing, speaking and traveling," i.e., no evidence of a "severe" impairment (AR, p. 254). The ALJ gave this opinion only

"some weight" because "other evidence does show some objective findings which would prevent the claimant from performing some work activity" (AR, p. 16). The ALJ gave the program physician assessments "great weight" (AR, p. 19). It is not apparent how the plaintiff's attempt to fault the ALJ's rejection of Dr. Esterle's opinion is supportive of her disability claim.

3. The ALJ was not required to accept as fully credible the plaintiff's testimony regarding her subjective symptoms.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).